# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-08-CR-309 LY |
| | § | |
| LUIS ALBERTO PINEDA-AYALA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on September 30, 2009, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On January 23, 2009, the Defendant was sentenced to time served, followed by one year of supervised release, for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. The Defendant's supervision commenced on January 27, 2009. Unlike most 1326 defendants, the Defendant was not deported, but rather was permitted to remain in the U.S., as he was a witness in another case pending in this court (*United States v. Trevino-Alvarez, et al.*; No. A-08-CR-290 LY). The Defendant was permitted to reside with a cousin in San Antonio, and reported regularly to the Probation Office from February through late May 2009. However, when the trial in the *Trevino* case

was continued from May 29, 2009, to August 2009, the Defendant stopped reporting, and left San Antonio. Based upon this, the probation office submitted its petition and request for warrant, and Judge Yeakel issued a warrant on July 2, 2009. The Defendant was arrested on that warrant in New Orleans on July 28, 2009, and subsequently removed to this court for a hearing on the government's Petition.

On September 30, 2009, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) failing to report as directed; and (2) failing to notify the probation office of his change in residence.

## III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment. The evidence at the revocation hearing indicated that the Defendant absconded because he became concerned about his safety if he testified against the Defendants who had kidnaped him. The Court also notes that the I.C.E. chose not to designate the Defendant as a material witness after prosecuting him for illegal reentry, which meant that I.C.E. did not provide the Defendant with temporary work authority. So, while the Defendant was not deported from the U.S., he also did not have legal status here, nor did he have the ability to work legally. He was thus in a precarious, limbo-like situation. Having considered all of this, and taking into account the fact that the Defendant has been in custody approximately 64 days, this Court RECOMMENDS that the Defendant be sentenced to time served with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of September, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE